UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
                *Plaintiff-Appellee,*

v.

PAUL FRANKLIN CASSELL, a/k/a
Rabbit,
                *Defendant-Appellant.*

No. 01-4066

Appeal from the United States District Court
for the Middle District of North Carolina, at Durham.
William L. Osteen, District Judge.
(CR-00-106)

Submitted: December 21, 2001

Decided: January 10, 2002

Before MICHAEL, TRAXLER, and GREGORY, Circuit Judges.

Affirmed in part and dismissed in part by unpublished per curiam opinion.

## COUNSEL

Danny T. Ferguson, Winston-Salem, North Carolina, for Appellant. Benjamin H. White, Jr., United States Attorney, Steven H. Levin, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

Paul Franklin Cassell appeals his conviction and sentence entered on his guilty plea to his role in a conspiracy to distribute cocaine in violation of 21 U.S.C. § 846 (1994). Cassell's plea agreement contained a waiver provision which "expressly waive[d] the right to appeal whatever sentence [was] imposed on any ground" in exchange for his plea of guilty. Nonetheless, on appeal, Cassell suggests that his guilty plea was not made knowingly or voluntarily and attempts to assign error to the district court's calculation of his sentence. Cassell also contends that the district court erred in failing to sua sponte dismiss the indictment against Cassell because the indictment did not contain allegations regarding a specific quantity or type of controlled substance. Finally, Cassell raises several claims of ineffective assistance of counsel. Because we conclude that Cassell's plea was knowing and voluntary, we are constrained to give effect to Cassell's waiver of his appellate rights concerning his sentence. Further, we find no reversible error with respect to his contentions regarding either the indictment or his counsel's performance. Accordingly, we affirm Cassell's plea and conviction and dismiss the portion of this appeal which attacks his sentence.

The Government urges this Court to give effect to the waiver of appeal rights contained in Cassell's plea agreement and dismiss the appeal. A defendant may waive the right to appeal his sentence if the waiver is knowing and intelligent. *See United States v. Broughton-Jones*, 71 F.3d 1143, 1146 (4th Cir. 1995). A waiver is generally valid if the district court questions the defendant about it during the Rule 11 colloquy and determines that the waiver was knowing and voluntary. *See United States v. Marin*, 961 F.2d 493, 496 (4th Cir. 1992). Cassell does not address the waiver provision in his appellate brief, however, Cassell's waiver as described in the plea agreement was limited to his right to challenge any sentence or the manner in which

that sentence was determined. Therefore, a challenge to the validity of the guilty plea itself is not precluded by the waiver of appeal rights concerning Cassell's sentence. *See United States v. Wiggins*, 905 F.2d 51, 53 (4th Cir. 1990). The waiver contained in the plea agreement did not waive those issues raised in Cassell's appeal which are reasonably related to the voluntary nature of his guilty plea.

Cassell contends that his plea was not offered knowingly and voluntarily. However, at Cassell's hearing, the district court complied in all respects with Fed. R. Crim. P. 11. An "appropriately conducted Rule 11 proceeding . . . must be recognized to raise a strong presumption that the plea is final and binding." *United States v. Lambey*, 974 F.2d 1389, 1394 (4th Cir. 1992) (en banc). In determining whether the proceeding comported with Rule 11, this Court should accord deference to the trial court's decision as to how best to conduct the mandated colloquy with the defendant. *United States v. DeFusco*, 949 F.2d 114, 116 (4th Cir. 1991). Moreover, any technical violation of the Rule is evaluated for harmless error. *See* Fed. R. Crim. P. 11(h); *DeFusco*, 949 F.2d at 117. As a result, this Court may vacate a conviction entered on a defendant's guilty plea only if the trial court's violations of Rule 11 affected the defendant's substantial rights. *DeFusco*, 949 F.2d at 117.

In this case, the district court conducted a thorough hearing, and was aware that Cassell was unable to read the indictment and plea agreement. The court was further aware of Cassell's ingestion of medication, including Xanax, on the morning of the hearing. Through its questions during the hearing, the court verified Cassell's ability to understand the proceedings and that counsel had read the documents to Cassell. Consequently, we find that the district court fully complied with Rule 11 and properly found that Cassell's plea was knowing and voluntary. *See id.* at 116-17. Cassell's conviction entered on his guilty plea is accordingly affirmed and Cassell's challenge on appeal to the manner of calculation of his sentence is dismissed.

Cassell's remaining claims need not detain us for long. We find no reversible error in the district court's failure to sua sponte dismiss the indictment. *See United States v. Promise*, 255 F.3d 150, 160 (4th Cir. 2001) (en banc); *United States v. Angle*, 254 F.3d 514, 518 (4th Cir.) (en banc) (same), *cert. denied*, 122 S. Ct. 309 (2001). Generally, Cas-

sell's claim of ineffective assistance of counsel would not be appropriate for direct appeal. *United States v. King*, 119 F.3d 290, 295 (4th Cir. 1997). An exception to this general rule applies when the record conclusively establishes that the defendant did not receive constitutionally sufficient assistance of counsel. *Id.* No such error appears from the record in this case.

Cassell's conviction is affirmed and his challenge to the calculation of his sentence is dismissed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED IN PART; DISMISSED IN PART*